UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNNIE SIMPSON,

                    Petitioner,

    v.                                           9:18-CV-0417
                                                  (GTS/TWD)

BRUCE YELICH,

                    Respondent.
_____

APPEARANCES:                                   OF COUNSEL:

JOHNNIE SIMPSON
15-A-1769
Petitioner, pro se
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

HON. BARBARA D. UNDERWOOD          HANNAH S. LONG, ESQ.
Attorney for Respondent                         Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

On April 5, 2018, petitioner Johnnie Simpson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, IFP Application. On April 6, 2018, the action was administratively closed because it was improperly commenced. Dkt. No. 3, Order dated 04/06/18.

On April 19, 2018, petitioner paid the statutory filing fee and the case was reopened. Dkt. Entry dated 04/19/18; Dkt. No. 4. Petitioner contends that he is entitled to habeas relief because (1) he was denied effective assistance by his trial counsel when his counsel (a) had a conflict of interest in representing both plaintiff and one of the prosecution's star witnesses, (b) failed to file a speedy trial claim, and (c) withheld favorable information from the trial court; (2) the trial court erred in conducting an appropriate inquiry into trial counsel's conflict of interest; and (3) petitioner's plea was involuntarily given as a result of his trial counsel's conflicted representation. Pet. at 16-20.[1] By a Decision and Order by this Court, on May 24, 2018, respondent was directed to file an answer to the petition on or before August 22, 2018. Dkt. No. 5, Decision and Order dated 05/24/18.

On July 26, 2018, petitioner filed a motion to amend his petition and subsequently stay and hold in abeyance said amended petition. Dkt. No. 7. Petitioner sought to include a claim of ineffective assistance of appellate counsel; however, petitioner had not yet filed a writ of error coram nobis. Dkt. No. 7-1 at ¶¶ 2-3, 6, 9, Pet. Aff. On August 7, 2018, this Court denied petitioner's motions. Dkt. No. 8, Decision and Order dated 08/07/18. In that decision, the Court explained that (1) petitioner's motion to amend was not in the proper format and did not comply with local and federal rules; and (2) because petitioner's habeas petition only contains exhausted claims, it was not a mixed petition and, therefore, was ineligible for a stay. *Id.* at 3-7. Further, the Court ordered that "[r]espondent shall not be required to file and serve an answer relating to the original petition (Dkt. No. 1) until further order of the Court." *Id.* at 7.

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

## II. PETITIONER'S MOTIONS

Presently before the Court is petitioner's renewed motions to amend and stay and hold in abeyance said proposed amended petition. Dkt. No. 9, Second Pet. Aff. Petitioner has attached a proposed amended petition per local and federal rules; accordingly, the format of the motion has been properly corrected. Dkt. No. 9-2, Proposed Amended Petition. Petitioner again seeks to amend to "file a new claim that would be unexhausted based upon the claims in the pending petition," specifically seeking to include a claim for ineffective assistance of appellate counsel. Second Pet. Aff. ¶¶ 2-3. Petitioner again asserts that the complexity of the claim in combination with his position as a pro se, inexperienced litigant suffices to establish good cause for a stay. *Id.* ¶ 4. Petitioner alleges that his claims are not meritless. *Id.* ¶ 5. Petitioner contends that "stays are conditioned upon the motion be[ing] filed within 30 days of the District Court's decision, and then properly exhausted and then returning to federal court within 30 days;" therefore, petitioner questioned why he should file his writ for coram nobis prior to receiving a stay from this Court. *Id.* ¶ 8.

> Petitioner respectfully requests that this Court grant him leave to amend and thereafter stay his pending habeas corpus petition. On the other hand, if this Court is of the believe [sic] that staying the petition is inappropriate, then Petitioner respectfully asks this Court to dismiss the herein petition **without prejudice** so that Petitioner can return to state court and exhaust his claim.

*Id.* (emphasis in the original). Petitioner states that he is comfortable with the dismissal, citing the length of time which he has to refile his habeas petition. *Id.* ¶ 7. Petitioner calculates the expiration of the applicable statute of limitations as January 19, 2019 given the date the New York Court of Appeals denied petitioner's leave to appeal on October 19, 2017. *Id.* Despite his above assertions, petitioner also "ask[s] that the Court in its decision and

3

order state as to where the AEDPA's statute of limitation is tolled during the interval when a Petitioner [pursues collateral attacks on state court convictions.]" *Id.* ¶ 10.

## III. DISCUSSION

### A. Motion to Amend

Motions to amend habeas petitions are governed by Rule 15 of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servcs.*, 235 F.3d 804, 815-16 (2d Cir. 2000).[2] Under FED. R. CIV. P. 15, leave to amend should be freely given "when justice so requires." *Id.; see also Littlejohn*, 271 F.3d at 363. However, a court may deny a motion to amend where the proposed amendment would be futile. *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999).

Petitioner admits that the claim he wishes to add is unexhausted. Second Pet. Aff. ¶¶ 2-3. That, in combination with "the Court's refusal to grant a stay[,] necessarily means that it would be futile to grant Petitioner's request to amend the petition, since he would be adding unexhausted claims on which the Court could not grant habeas relief." *Carr v. Graham*, 27 F. Supp. 3d 363, 364 (W.D.N.Y. 2014); *accord Escalera v. Lempke*, No. 1:15-CV-0674, 2018

---

[2] Under Rule 15(a)(1)(A), a party may amend a petition once as a matter of course within "21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Here, more than 21 days passed between the time petitioner filed his original petition, dated April 5, 2018, and the date he first attempted to amend his petition (Dkt. No. 7, dated July 26, 2018). Therefore, petitioner may not amend his petition as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A). Rule 15(a)(1)(B) provides that if a pleading is one to which a responsive pleading is required, a party may amend within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15 (a)(1)(B). "Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings are not required." *Argraves v. United States*, No. 3:11-CV-1421, 2013 WL 1856527 at *2 (D. Conn. May 2, 2013); see Rule 5(a), Rules Governing Section 2254 Cases in the United States District Courts ("The respondent is not required to answer the petition unless a judge so orders.").

4

WL 3342572, at *2 (W.D.N.Y. July 9, 2018); *Jones v. Miller*, No. 1:14-CV-9774, 2016 WL 8471357, at *9 (S.D.N.Y. May 17, 2016).

Accordingly, petitioner's motion requesting amendment of his petition is denied.

**B.      Motion to Stay**

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000). "Finally, the petitioner must have utilized the proper procedural vehicle so that the state court may pass on the merits of petitioner's claims." *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007) (citing *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985)). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues

5

by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

In this case, it appears that petitioner's grounds for federal habeas relief were raised on direct appeal or in his section 440 motion and have been exhausted. *See* Pet. at 2-10. Petitioner states, however, he seeks to "file a new claim that would be unexhausted based upon the claims in the pending petition." Second Pet. Aff. ¶¶ 2-3. He asks this court to hold this petition in abeyance until his state remedies are exhausted. *Id.* ¶ 8

Under *Rhines*, a stay may be granted when a district court is presented with a "mixed petition" and where petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 275, 277.

Here, a stay is inappropriate. The petition does not appear to be "mixed" because, as noted, the grounds raised in the petition appear to have been presented to the state courts. Additionally, petitioner states that he intends to pursue further state court remedies, though he has yet to commence them. *See Hall v. Woods*, No. 7:07-CV-9264, 2012 WL 2864505, at *5 (S.D.N.Y. July 12, 2012) ("Since Hall's petition currently contains only exhausted claims, the Court cannot treat his petition as 'mixed' for purposes of considering a stay under Rhines. Hall's request for a stay is therefore premature. In order to assert his new . . . unexhausted claim, Hall must move to amend his petition[.]") (citations omitted); *Spells v. Lee*, No. 1:11-CV-1680, 2011 WL 2532907, at *1 (E.D.N.Y. June 23, 2011) (concluding that petitioner's motion to stay was "premature" because his "petition contain[ed] only exhausted claims" and he had not yet filed a motion to amend the petition to add the unexhausted claim); *Mills v. Girdich*, No. 1:03-CV-0341, 2008 WL 4371362, at *1 (W.D.N.Y. Sept. 17,

6

2008). Because petitioner's proposed claims are not currently contained in his habeas petition, granting him a stay to exhaust those claims would serve little purpose.

Petitioner also has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277. Petitioner's pro se status and inexperience with the law are insufficient to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011) ("The Court has found no cases supporting the proposition that a petitioner's ignorance of the law constitutes 'good cause' for the failure to exhaust."); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007) (explaining that "the mere failure of a petitioner to be aware of a particular area of the law," is insufficient to satisfy the good cause standard); *Stephanski v. Superintendent, Upstate Corr. Fac.*, 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006) ("[A] petitioner's allegation that he is *pro se* and inexpert in the law dows not provide sufficient 'cause' to excuse the failure to [properly exhaust .]"). This court also agrees that federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017).

Based on the foregoing, the stay is denied. Given petitioner's express wishes to dismiss the petition without prejudice in the event the requested amendment and stay were denied, this action will be dismissed without prejudice. Second Pet. Aff. ¶ 8.

Petitioner will not be unduly prejudiced by dismissal of this action. Based upon the information in the petition, the timeliness of any subsequent habeas petition under the

AEDPA appears not to be a concern in this case.[3] 28 U.S.C. §2244(d); *see Foster v. Spitzer*, No. 9:07-CV-0103 (LEK/DRH), 2007 WL 1531904 at *2 (N.D.N.Y. May 24, 2007) (ordering dismissal without prejudice "[b]ased upon the information set forth [in his petition because] it appears that Petitioner will have ample opportunity to timely file a § 2254 habeas Petition setting forth his claims once he has exhausted his State court remedies."). Additionally, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

In sum, petitioner's petition is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary."); *Foster,* 2007 WL 1531904 at 1-2 (habeas petition dismissed where petitioner was in the "preliminary stages of the appellate process" and had not yet completed state appellate review of his claims).

---

[3] Under the AEDPA, federal habeas petitions challenging a judgment of a state court are subject to a one-year statute of limitations. The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period so long as the applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548; *Monroe v. Rock*, No. 6:09-CV-6366, 2011 WL 1792926 at *2 (W.D.N.Y. May 10, 2011).

**IV. CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner's motions to amend and to stay these proceedings (Dkt. No. 9) are **DENIED**; and it is further

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED**, that no certificate of appealability shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: August 30, 2018
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge